J-S23027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                          :
:
:
:
TIMOTHY JACOB BOND            :
:
Appellant            :    No. 237 MDA 2022

Appeal from the Judgment of Sentence Entered January 4, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001400-2020

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:      **FILED: OCTOBER 18, 2022**

Timothy Jacob Bond appeals the judgment of sentence following his conviction for Driving Under the Influence of Alcohol or Controlled Substance - Marijuana ("DUI").[1] He challenges the sufficiency of the evidence. We affirm.

We have derived the following statement of facts from the evidence of record, viewed in the light most favorable to the Commonwealth as verdict-winner. Pennsylvania State Police Trooper Matthew Kile stopped Bond's vehicle in January 2020 for an expired registration. Trooper Kile observed Bond to have "thick slurred speech." Bond said that he had consumed alcohol earlier in the evening.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §3802(d)(1)(i).

Trooper Kile conducted several field tests, all of which indicated that Bond was impaired. Based upon the results of these tests, as well as his trained observations, Trooper Kile believed that Bond was under the influence of marijuana. He placed Bond under arrest and transferred him to a local hospital. There, Bond submitted to a blood test, which showed that his blood contained .64 ng/ml of active marijuana compounds.

After a stipulated bench trial in November 2021, the trial court found Bond guilty of the above referenced charge. Approximately two months later, on January 4, 2022, the court sentenced him to six months of probation with ten days of restrictive DUI conditions, all house arrest with electronic monitoring. The instant timely appeal followed, and both the trial court and Bond complied with Pa.R.A.P. 1925.

Bond raises a single issue: "Whether the evidence was sufficient to support a conviction under 75 § 3802 §§(d)(1)(i) DUI: Controlled Substance-Schedule I when [Bond] had only the slight amount of 0.64 ng/ml of Delta-9 THC in his blood and no marijuana was found on [Bond's] person or vehicle?" Bond's Br. at 4.

Bond argues that the evidence was insufficient to convict him because he only had a "miniscule" amount of marijuana in his blood. *Id.* at 6. While he admits that 75 Pa.C.S.A. § 3802 only requires evidence of any amount whatsoever of a controlled substance, he points out that in 2016 the

Pennsylvania legislature enacted the Medical Marijuana Act ("MMA"),[2] which allows individuals to consume medical marijuana. Thus, he posits that this Court should consider his allegedly minimal consumption of marijuana insufficient to support his conviction. However, he does admit he was not a medical marijuana patient at the time of his arrest.

When considering a sufficiency challenge, we determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established beyond a reasonable doubt. *See **Commonwealth v. Green***, 204 A.3d 469, 484 (Pa.Super. 2019). Our review of such a claim is *de novo*. ***See Commonwealth v. Hall***, 199 A.3d 954, 960 (Pa.Super. 2018).

Section 3802 of the DUI statute provides in relevant part:

(d) Controlled substances. — An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1) There is in the individual's blood ***any amount*** of a:

(i) Schedule I controlled substance, as defined in the . . . Controlled Substance, Drug, Device and Cosmetic Act [(CSA)];

75 Pa.C.S.A. § 3802(d)(1)(i) (emphasis added). According to the unambiguous terms of this subsection, the Commonwealth does not have to

---

[2] 35 P.S. §§ 10231.101 to 10231.2110.

- 3 -

prove that there was any specific amount of a Schedule 1 drug in the driver's system. **Commonwealth v. Griffith**, 32 A.3d 1231, 1239 (Pa. 2011).

In this case, Bond stipulated that a Schedule 1 controlled substance, marijuana, was in his system while operating a vehicle. Thus, pursuant to the statute, sufficient evidence supported Bond's conviction. **See** 75 Pa.C.S.A. § 3802(d)(1)(i); **Griffith**, 32 A.3d at 1239; **Commonwealth v. Jezzi**, 208 A.3d 1105, 1114. Hence, we conclude that the trial court did not err by finding Bond guilty of driving while under the influence of any amount of a controlled substance. **See Green**, 204 A.3d at 484; **Hall**, 199 A.3d at 960. We have nothing in the MMA that changes the prohibition on driving with **any** amount of a Schedule 1 drug in one's system, and Bond has not identified anything in that Act that should have precluded his conviction. Bond's lone argument on appeal is utterly devoid of merit, and we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2022